UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DENIS HOSBELI CAL FLORIAN,<br>MARLON OMAR CAL FLORIAN,<br>HUGO JORDAN REYES, and<br>FRANCISCO PEREZ LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br><br>SOTIRIOS VASILOPOULOS and<br>BOSTON DESIGN LAB LLC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1. Plaintiffs, Denis Hosbeli Cal Florian, Marlon Omar Cal Florian, Hugo Jordan Reyes, and Francisco Perez Lopez, bring this action to recover unpaid wages and overtime pay for work Plaintiffs performed for Defendants, Sotirios Vasilopoulos and Boston Design Lab LLC. Defendants hired Plaintiffs to perform lime plaster and liquid marble work at the GreCo Restaurant, located at 200 Pier Four Blvd, Boston, MA 02210. Defendants regularly and deliberately failed to pay Plaintiffs for all hours worked, paid Plaintiffs in cash without providing paystubs or other records of pay, and did not provide overtime pay required by law.

2. As a result, Plaintiffs bring this action seeking their wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and under M. G. L. c. 149, § 148 and under M. G.

L. c. 151, § 1A. Plaintiffs seek, among other forms of relief, mandatory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

**Parties**

3. Plaintiff Denis Hosbeli Cal Florian is an adult resident of Chelsea, Massachusetts. He worked for Defendants from on or about February 17, 2019, until on or about July 22, 2019.

4. Plaintiff Marlon Omar Cal Florian is an adult resident of Chelsea, Massachusetts. He worked for Defendants from on or about February 17, 2019, until on or about July 22, 2019.

5. Plaintiff Hugo Jordan Reyes is an adult resident of Somerville, Massachusetts. He worked for Defendants from approximately January 2019 until on or about July 22, 2019.

6. Plaintiff Francisco Perez Lopez is an adult resident of Somerville, Massachusetts. He worked for Defendants from approximately April 2019 until on or about July 22, 2019.

7. Defendant Boston Design Lab LLC, is a Massachusetts corporation incorporated at 20 Skyline Drive, Westwood, Massachusetts, according to records with the Massachusetts Secretary of State's Office.

8. As reflected in corporate records filed with the Massachusetts Secretary of State's Office, Sotirios Vasilopoulos is listed as the registered agent for Boston Design Lab LLC. Defendant Sotirios Vasilopoulos is also listed as a Manager of Boston Design Lab LLC. On information and belief, Defendant Sotirios Vasilopoulos currently resides at 41 Westgate Road, Apt. 3, Chestnut Hill, Massachusetts.

9. On information and belief, Defendant Sotirios Vasilopoulos substantially or exclusively controls policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

10. During the relevant time period, Boston Design Lab LLC was an enterprise engaged in interstate commerce under the Fair Labor Standards Act (FLSA) and the regulations interpreting the FLSA.

11. On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

12. Defendants regularly transacted business in this district during the relevant time period.

**Jurisdiction and Venue**

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

16. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

**Factual Allegations**

17. Plaintiffs were employees of Boston Design Lab LLC between approximately January 2019 until approximately July 22, 2019.

18. Plaintiff Hugo Jordan Reyes began working for Defendants in or about January 2019. Plaintiff Denis Cal Florian and Plaintiff Marlon Cal Florian began working for Defendants on or

about February 17, 2019. Plaintiff Francisco Perez Lopez began working for Defendants in or about April 2019.

19. Plaintiffs performed lime plaster and liquid marble work for Defendants.

20. Plaintiffs worked on numerous projects throughout Massachusetts and the New England area, but during the relevant period, Plaintiffs spent the majority of their time on the GreCo restaurant project, located at 200 Pier Four Boulevard, Boston, Massachusetts.

21. Plaintiffs were hired by Defendant Sotirios Vasilopoulos to perform this work.

22. Plaintiff Hugo Jordan Reyes was hired on or about January 1, 2019. Defendant Vasilopoulos told him he would be paid $15 per hour. In or about May 2019, Defendant Vasilopoulos told Plaintiff Jordan Reyes that his hourly rate would be increased to $17 per hour.

23. Plaintiff Denis Hosbeli Cal Florian was hired on or about February 17, 2019. Defendant Vasilopoulos told him he would be paid $16 per hour.

24. Plaintiff Marlon Omar Cal Florian was hired on or about February 17, 2019. Defendant Vasilopoulos told him he would be paid $18 per hour.

25. Plaintiff Francisco Perez Lopez was hired in or about April 2019. Defendant Vasilopoulos told him that he would be paid $14 per hour.

26. From January until approximately June 10, 2019, Plaintiffs worked an average of 60 hours per week. Plaintiffs worked about six days per week from approximately 7 a.m. until approximately 5 p.m.

27. On or about June 10, 2019, Defendant Vasilopoulos began pressuring Plaintiffs to work more because they were falling behind on the GreCo restaurant project.

28. On or about June 10, 2019 until on or about July 22, 2019, Plaintiffs worked approximately seven days a week, from approximately 7 a.m. until approximately 11 p.m.

29. Defendant Vasilopoulos paid Plaintiffs irregularly with a combination of cash and checks. Plaintiffs were not given paystubs or other pay records.

30. Plaintiffs regularly worked more than 40 hours per week throughout their employment, but were not paid overtime pay for hours worked above 40 hours.

31. Plaintiff Denis Hosbeli Cal Florian and Plaintiff Marlon Cal Florian were each paid approximately $4000 for their work performed from February through approximately May 2019.

32. Plaintiff Denis Hosbeli Cal Florian and Plaintiff Marlon Cal Florian received approximately $3200 for their work performed from approximately May 2019 until on or about July 22, 2019.

33. Plaintiff Denis Hosbeli Cal Florian and Plaintiff Marlon Cal Florian were paid in a combination of check and cash.

34. Plaintiff Hugo Jordan Reyes was paid $900 per week via check from January 2019 until the beginning of May 2019. Plaintiff Jordan Reyes received a total of $3000 via check for all work performed from May 2019 through on or about July 22, 2019.

35. Plaintiff Francisco Perez Lopez received $404 via check for work performed in April 2019, $900 via check for work performed in May 2019, $1000 via check for work performed in June 2019, and $500 in cash for work performed in July 2019.

36. Plaintiffs were significantly undercompensated for regular and overtime hours worked.

37. The nonpayment of wages continued until on or about July 22, 2019, when Plaintiffs refused to work any longer without pay.

38. Plaintiffs are owed wages as follows for work performed from approximately January 2019 through on or about July 22, 2019:

a. Plaintiff Denis Hosbeli Cal Florian is owed at least approximately $26,340, reflecting about 912 regular hours and about 752 overtime hours worked.

b. Plaintiff Marlon Omar Cal Florian is owed at least approximately $31,720, reflecting about 912 regular hours and about 752 overtime hours worked.

c. Plaintiff Hugo Jordan Reyes is owed at least approximately $28,710, reflecting about 1,192 regular hours and about 892 overtime hours worked.

d. Plaintiff Francisco Perez Lopez is owed at least approximately $19,876, reflecting about 672 regular hours and about 632 overtime hours worked.

39. Plaintiffs filed an administrative complaint with the Massachusetts Attorney General's Office and have received permission to proceed in court, attached hereto as Exhibit A.

**COUNT I**
FAILURE TO PAY OVERTIME – FAIR LABOR STANDARDS ACT

40. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

41. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

42. Plaintiffs have been damaged by these violations of 29 U.S.C. § 207(a).

43. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiffs for the full amount of their unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiffs in bringing this action.

**COUNT II**

FAILURE TO PAY OVERTIME – MASSACHUSETTS LAW

44. Defendants violated M. G. L. c. 151, § 1A, by failing to pay Plaintiffs overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

45. Plaintiffs have been damaged by these violations of M. G. L. c. 151, § 1A.

46. Defendants are liable to Plaintiffs pursuant to M. G. L. c. 151, § 1A for the full amount of overtime wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

**Count III**
NONPAYMENT OF WAGES – MASSACHUSETTS LAW

47. Defendants violated the Massachusetts Wage Act, M. G .L. c. 149, § 148, by failing to pay Plaintiffs for all hours worked and for failure to pay, on a timely basis, all wages due to Plaintiffs.

48. Plaintiffs have been damaged by these violations of M. G. L. c. 149, § 148.

49. Defendants are liable to Plaintiffs pursuant to M. G. L. c. 149, § 150, for or the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

**Prayer for Relief**

WHEREFORE, Plaintiffs request that this Court enter the following relief:

A. Determine the damages sustained by Plaintiffs as a result of Defendants' violations of federal and state employment laws, including the Fair Labor Standards Act, the Massachusetts Wage Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus additional liquidated and treble damages and interest as provided for by law;

B. Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

C. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

DENIS HOSBELI CAL FLORIAN,
MARLON OMAR CAL FLORIAN,
HUGO JORDAN REYES, and
FRANCISCO PEREZ LOPEZ

By their attorney,

/s/ Hannah Tanabe

Hannah Tanabe, BBO #693963
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
617-603-1680
htanabe@gbls.org

Dated: November 4, 2019